Balám O. Letona SBN 229642
Law Office of Balám O. Letona, Inc.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Telephone Number: (831) 421-0200
Facsimile Number: (831) 621-9659
Email: letonalaw@gmail.com

Attorney for Plaintiff
THEODORE K. GIDEONSE

FILED

07 MAY -3  AM 10: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE K. GIDEONSE,<br><br>                              Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A Professional<br>Corporation, and DOES 1-10, inclusive,<br><br>                              Defendant(s). | Case No. 07 CV 0804 BTM (AJB)<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.* |

## I. INTRODUCTION

1. Theodore K. Gideonse pays his bills.  Several years ago he hit a rough patch and the bills began to pile up.  However, Mr. Gideonse vowed to payoff each one and not declare bankruptcy.  In fact, as his situation improved he gathered, saved and sacrificed and paid off his debt.  Unfortunately, while on his way to financial recovery Patenaude and Felix, A.P.C., a debt collector, accused him of still owing a particular creditor.  Mr. Gideonse sent the debt collector verifiable evidence that the debt had been paid off.  However, Patenaude and Felix simply ignored Mr. Gideonse and his evidence.  Instead, they purposely choose to inflict the full force of the law on him by suing him in state court; all for a debt that he did not owe.  Later, when Patenaude and Felix realized their error they

- 1 -

COMPLAINT

1   dismissed their case with prejudice, however, not without first having subjected

2   Mr. Gideonse to a psychological and physical nightmare.

3   2.   The U.S. Congress has found that "[t]here is abundant evidence of the use of

4   abusive, deceptive and unfair debt collection practices by many debt collectors.

5   Abusive debt collection practices contribute to the number of personal

6   bankruptcies, to marital instability, to the loss of jobs and to invasions of

7   individual privacy.  Existing laws and procedures for redressing these injuries are

8   inadequate to protect consumers.  Means other than misrepresentation or

9   abusive debt collection practices are available for the effective collection of

10   debts.  Abusive debt collection practices are carried on to a substantial extent in

11   interstate commerce and through means and instrumentalities of such

12   commerce.  Even where abusive debt collection practices are purely intrastate in

13   character, they nevertheless directly affect interstate commence.  It is the

14   purpose of this subchapter to eliminate abusive debt collection practices by debt

15   collectors, to insure that those debt collectors who refrain from using abusive

16   debt collection practices are not competitively disadvantaged, and to promote

17   consistent State action to protect consumers against debt collection abuse."  15

18   U.S.C. § 1692(a-e).  Patenaude and Felix, A.P.C have engaged in the type of

19   abusive, deceptive and unfair practices that Congress sought to eliminate.  As

20   such, this is an action for actual damages, statutory damages, attorney fees and

21   costs brought by an individual consumer for Defendants' violations of the Fair

22   Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

### II. JURISDICTION

24   3.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

25   §1337, and supplemental jurisdiction exists for the state law claims pursuant to

26   28 U.S.C. § 1367.

### III. VENUE

28   4.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

- 2 -

COMPLAINT

1     substantial part of the events or omissions giving rise to the claim occurred in

2     this judicial district.

3  5.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in

4     that the Defendants transacts business in this judicial district and the violations

5     of the FDCPA complained of occurred in this judicial district.

6                              **IV. PARTIES**

7  6.  Plaintiff, Theodore K. Gideonse (hereinafter "Plaintiff"), is a natural person

8     residing in San Diego County, California.  Plaintiff is a "consumer" within the

9     meaning of 15 U.S.C. § 1692a(3).

10  7.  Defendant, Patenaude & Felix, A.P.C., hereinafter ("P&F") is a California

11     professional corporation engaged in the business of collecting debts in this state

12     with its principal place of business located at 4545 Murphy Canyon Road 3rd

13     Floor, San Diego, CA 92123.  P&F collects debts using the mail, telephone and it

14     regularly attempts to collect debts alleged to be due another.  P&F is a

15     third-party debt collector subject to the federal Fair Debt Collection Practices Act,

16     15 U.S.C. § 1692 et seq.    P&F may be served at the address of its Agent for

17     Service of Process at: Patenaude and Felix, A Professional Corporation c/o

18     Raymond Patenaude, 4545 Murphy Canyon Road 3rd Floor, San Diego, CA

19     92123.

20  8.  The true names and capacities, whether individual, corporate, associate,

21     governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to

22     Plaintiff at this time, who therefore sues said Defendants by such fictitious

23     names.  When the true names and capacities of said Defendants have been

24     ascertained, Plaintiff will amend this complaint accordingly.  Defendant is

25     informed and believes, and thereon alleges, that each Defendant designated

26     herein as a DOE is responsible, negligently or in some other actionable manner,

27     for the events and happenings hereinafter referred to and caused damages

28     thereby to the Plaintiff, as hereinafter alleged.  Defendant, DOES 1-10, are and

- 3 -

1      each of them is, a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

2      and Cal. Civil Code § 1788.2(c).

3  9.    At all times herein mentioned, each of the Defendants was an officer, director,

4      agent, servant, employee and/or joint venturer of his/her co-defendant and each

5      of them, and at all said times, each Defendant was acting in the full course and

6      scope of said office, directorship, agency, service, employment and/or joint

7      venture.  Any reference hereafter to "Defendant" or "Defendants" without further

8      qualification is meant by Plaintiff to refer to each Defendant, and all of them,

9      named above.

10  10.    Plaintiff is informed and believes, and thereon alleges that at all times herein

11      mentioned, Defendants, DOES 1-10, inclusive, were and are individuals,

12      corporations, partnerships, unincorporated associations, sole proprietorships

13      and/or other business entities organized and existing under and by virtue of the

14      laws of the State of California, or the laws of some other state or foreign

15      jurisdiction and that said Defendants, and each of them, have regularly

16      conducted business in the County of San Diego and this judicial district.

17                           **V.  FACTUAL ALLEGATIONS**

18  11.    Plaintiff incurred a consumer credit obligation (hereinafter "debt"), to Fleet Credit

19      Card Services (hereinafter "FCCS"), bearing the FCCS account number

20      5491-0001-3782-1992.  The debt was primarily for personal, family or household

21      purposes and is therefore a "debt" as that term is defined by 15 U.S.C.

22      §1692a(5).

23  12.    In 2003, Plaintiff became behind on paying the debt and FCCS considered

24      Plaintiff in default.  In 2005, however, Plaintiff paid the debt he owed FCCS and

25      the debt was considered settled in full.  Sometime after Plaintiff paid the debt,

26      Bank of America Corporation (hereinafter "BofA") acquired FCCS.

27  13.    Then, on or about April 20, 2005, BofA caused to be mailed a letter to Plaintiff.

28      The letter explained that BofA still considered Plaintiff in default with respect to

- 4 -

1  the debt.

2  14.   Sometime thereafter BofA consigned, placed or otherwise transferred the debt to

3        debt collectors for collection.  Each debt collector contacted Plaintiff but Plaintiff

4        disputed the debt and sent documents and letters to each collector explaining

5        that the debt had been paid off and settled in full.  After each debt collector

6        received Plaintiff's dispute letters they stopped all collection activity.

7  15.   However, at some point, BofA consigned, placed or otherwise transferred the

8        debt to Defendants for collection from the Plaintiff.  On or about December 8,

9        2005, Defendants caused to be mailed a collection letter to Plaintiff, a true and

10       correct copy of which is attached as Exhibit 1.  Exhibit 1 demanded payment for

11       the alleged debt.  Additionally, Exhibit 1 is a "communication" in an attempt to

12       collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  On information

13       and belief, Exhibit 1 is Defendants initial written communication to Plaintiff.

14 16.   After Plaintiff received Exhibit 1 he called Defendants on December 16, 2005

15       and disputed the debt.  Additionally, Plaintiff explained that the debt had been

16       settled in full and that he did not owe BofA any money.

17 17.   Then on December 23, 2005, Plaintiff caused to be sent a written dispute letter

18       to Defendants, a true and correct copy of which is attached as Exhibit 2.  The

19       letter disputed the debt and reiterated that the debt had been paid and settled in

20       full.  On information and belief, Defendants received this written dispute letter on

21       or about December 23, 2005.  The written dispute was sent by Plaintiff to

22       Defendants within the thirty-day period as described in 15 U.S.C. § 1692g(a).

23       Defendants did not send a written response to Plaintiff's December 23, 2005

24       dispute letter.

25 18.   Plaintiff felt an incredible amount of stress because of Defendants allegations.

26       He suffered a prolonged anxiety attack.  He had trouble sleeping, concentrating

27       and felt distraught.  Anxious to resolve the matter, Plaintiff caused to be sent to

28       Defendants three other letters disputing the debt.  Each letter explained that

- 5 -

1   Plaintiff did not owe the money and provided documented proof that the debt

2   had been paid and settled in full.  Plaintiff received no written response from

3   Defendant with respect to any of the letters he sent.

4   19.  Although Plaintiff had several phone calls with Defendants, Defendants refused

5   to provide any written proof that Plaintiff owed the debt.

6   20.  Defendants' phone calls and letters to Plaintiff caused Plaintiff to feel agitated,

7   stressed, lose sleep, lose time and lose concentration during his work related

8   activities.

9   21.  At some point after January 28, 2006, Plaintiff received no more phone calls or

10  letters from Defendants.  Plaintiff considered the matter resolved which caused

11  his stress level to subside.

12  22.  However, on May 5, 2006, Defendants on behalf of BofA sued Plaintiff in an

13  attempt to collect the debt.  The lawsuit, a true and correct copy of which is

14  attached as Exhibit 3, filed by Defendants is a "communication" in an attempt to

15  collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16  23.  On June 6, 2006, Plaintiff learned of the lawsuit filed by Defendants and on that

17  day he immediately called Defendants.  Plaintiff spoke with an attorney

18  employed by Defendants.  Once again, Plaintiff informed Defendants that the

19  debt had been paid and that Defendants lawsuit had no merit.  Defendants

20  acknowledged to Plaintiff that Defendants had received Plaintiffs previous written

21  dispute letters.  Additionally, Defendants stated that it appeared that Defendants

22  filing of the lawsuit may have been a mistake.  Defendant made Plaintiff feel as if

23  the case would be dismissed.

24  24.  However, on June 23, 2006, Defendants telephoned Plaintiff and told Plaintiff

25  that Defendants still considered Plaintiff in default of his debt obligation.

26  Defendants refused to address Plaintiffs dispute letters and the evidence Plaintiff

27  sent Defendants, which showed that the debt had been paid and settled in full.

28  25.  After Defendants June 23, 2006, telephone call to Plaintiff, Plaintiff experienced

- 6 -

1   another prolonged anxiety attack.  After the attack abated, Plaintiff spent the

2   entire day of June 23, 2006, on the phone, making copies of documents and

3   sending faxes.  Plaintiff spent a large portion of that day trying to locate a BofA

4   representative who would help him resolve this crisis.  Despite his pleas and

5   attempts Plaintiff was unable to receive a definitive answer on June 23rd, and as

6   a result, Plaintiff spent additional days trying to put an end to this nightmare.

7   26.   After Plaintiff learned of the lawsuit filed by Defendants his stress level increased

8   exponentially.  Defendants' actions caused Plaintiff to feel agitated, lose sleep,

9   lose time, lose compensation from work, have headaches, suffer panic attacks,

10   lose concentration during his work related activities and made it difficult to

11   maintain a positive disposition with his loved ones.  Plaintiff felt and experienced

12   those emotional, monetary and physical events from June 6th until the lawsuit

13   concluded.

14   27.   Then, on July 7, 2006, Plaintiff received a letter from BofA indicating that Plaintiff

15   did not owe it any money, a true and correct copy of which is attached as Exhibit

16   4.

17   28.   Plaintiff forwarded the letter to Defendants and Defendants expressed surprise

18   and shock.  Despite this clear evidence Defendants still waited a week to dismiss

19   the complaint with prejudice, a true and correct copy of which is attached as

20   Exhibit 5.

21   29.   Each telephone call described above between Plaintiff and Defendant was a

22   "communication" in an attempt to collect a debt as that term is defined by 15

23   U.S.C. 1692a(2).

24   30.   The natural consequences of Defendants placing the telephone calls, sending

25   the letters and filing the complaint against Plaintiff were to harass, oppress, or

26   abuse Plaintiff in connection with the collection of the alleged debt.

27   31.   Defendants' telephone calls and other communication to Plaintiff contained false,

28   misleading and deceptive statements in an attempt to collect a debt or collect

- 7 -

1    payment on a debt.

2    32.   The conduct and communications described above were not unrelated discrete

3    acts, but rather constitute a continuing pattern and course of conduct.

### VI.  FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

6    33.   Plaintiff brings the first claim for relief against Defendants under the Federal Fair

7    Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et.seq.

8    34.   Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

9    35.   Defendants willfully or negligently violated the provisions of the FDCPA in the

10    following respects:

11    36.   Defendants engaged in conduct against Plaintiff the natural consequences of

12    which were to harass, oppress and abuse Plaintiff in connection with the

13    collection of the debt in violation of 15 U.S.C. 1692d.

14    37.   Defendants used false, deceptive or misleading representation in connection

15    with the collection of the debt in violation of 15 U.S.C. §1692e.

16    38.   Defendants misrepresented the character, amount, and legal status of a debt in

17    violation of 15 U.S.C. §1692e(2)(A).

18    39.   Defendants used deceptive means in an attempt to collect the debt in violation of

19    15 U.S.C. §1692e(10).

20    40.   Defendants used unfair or unconscionable means to collect the debt in violation

21    of 15 U.S.C. §1692f.

22    41.   Defendants did not cease collection of the debt or any disputed portion thereof

23    after it received a dispute letter from Plaintiff in violation of 15 U.S.C. §1692g(b).

24    42.   Defendants failed to obtain verification of the debt and mail a copy to Plaintiff

25    after it received Plaintiff's dispute letter in violation of 15 U.S.C. §1692g(b).

### VII.  REQUEST FOR RELIEF

27    43.   WHEREFORE, Plaintiff respectfully requests that the court grant:

28    A.   Judgment against Defendants for violation of the FDCPA.

- 8 -

COMPLAINT

B.   Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A).

C.   Costs, expenses incurred in the investigation, filing and prosecution of this
     action and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

D.   Actual damages pursuant to 15 U.S.C. §1692k(a)(1).

E.   Compensatory and actual damages.

**LAW OFFICE OF BALÁM O. LETONA, INC.**

Dated: May 2, 2007                          By: /s/

                                            Balám O. Letona, Esq.
                                            Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Theodore K. Gideonse, hereby demands a
trial by jury of all triable issues of fact in the above-captioned case.

/s/

Balám O. Letona, Esq.
Attorney for Plaintiff

- 9 -

COMPLAINT

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

[X] 4545 MURPHY CANYON RD, 3RD FL.
SAN DIEGO, CALIFORNIA 92123
TEL (858) 244-7600 (800) 832-7675
FAX (858) 836-0318

[ ] 313 EAST MAIN STREET
CARNEGIE, PENNSYLVANIA 15106
TEL (412) 429-7675 (866) 772-7675
FAX (412) 429-7679

[ ] 1771 EAST FLAMINGO RD, STE. 112A
LAS VEGAS, NEVADA 89119
TEL (702) 952-2032 (800) 867-3092
FAX (702) 992-6286

60/244-A1200

12/08/05

THEODORE K GIDEONSE
9148 REGENTS RD APT J
LA JOLLA, CA 92037-9157

RE:   BANK OF AMERICA, N.A.
      Balance Due:          $1,950.31
      Account Number:       5491000137821992
      Our File Number:      2044.566

Dear THEODORE K GIDEONSE:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further legal action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
SEE REVERSE SIDE FOR IMPORTANT INFORMATION

EXHIBIT \_\_\_1

TED GIDEONSE  9148-J REGENTS ROAD  LA JOLLA CALIFORNIA  92037  858.410.2826  TED@GIDEONSE.COM

December 23, 2005

Raymond A. Patenaude, Esq.
Patenaude & Felix, APC
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123

RE:    Bank of America NA
       Account # 5491000137821992
       PF file # 2044.566

Dear Mr. Patenaude:

I spoke with one of your associates on the afternoon of December 16, 2005, about the lack of merit of Bank of America's claim that I owe them money. He instructed me to fax over the documents stating my case, which is what I am doing.

As you can see, on August 30, 2004, Fleet Bank settled account # 5491000137821992. (I was assisted by Homeland Financial (800-784-7300) in this settlement.) As you can see, the settlement was paid: Fleet cashed my checks, three totaling $1300.00. As you can also see, despite this, Bank of America and its various debt collectors have continued to harass me. I have informed all of these institutions that this account has been settled. All note that the checks were cashed and that the letter from Fleet on August 30, 2004, is valid. And still, I am harassed.

I will reiterate what I told the last debt collector:

Needless to say, I am enormously frustrated and angered by this situation.

I expect this matter to be resolved immediately—and that, as originally promised, all credit bureaus are informed that the account was "paid settled." Please inform your client that if legal action is taken against me, I will respond aggressively.

Please confirm the receipt of this fax.

Sincerely,

Encl:   Letter from Fleet, August 30, 2004
        Canceled checks August 30, September 30, and October 30, 2004
        Letter from Bank of America, April 20, 2005
        Fax to Bank of America, April 26, 2005
        Letter from Frederick J. Hanna & Associates PC, May 10, 2005
        Fax to Frederick J. Hanna & Associates PC, May 11, 2005
        Letter from OSI Collection Services, August 16, 2005
        Fax to OSI Collection Services, August 22, 2005
        Letter from Patenaude & Felix, December 8, 2005

cc:     Homeland Financial
        Matthew Leader, Esq.

1

**EXHIBIT 2**

TED GIDEONSE  9148-I REGENTS ROAD  LA JOLLA CALIFORNIA  92037  858.410.2826  TED@GIDEONSE.COM

08/30/2004   10:08                                                              NO.288   002

 **Fleet**

P.O. Box 951
Horsham, PA  19044

Theodore Gideonse
808 Driggs Ave
Apt 402
Brooklyn, NY 11211

August 30, 2004

RE: 5491-0001-3782-1992
Balance: $3,250.30

Dear Theodore Gideonse:

This letter is to confirm we have agreed to settle the above referenced account in the amount of $1,300.00. Your first installment of $433.33 is due by 30-Aug. As per our agreement, your second installment of $433.33 is due by 30-Sep. Your third and final installment of $433.33 will be due by 30-Oct.

Call your Special Collections representative to arrange a payment by phone. Or, please send your payment in the form of a certified check or money order to:

> **Fleet Credit Card Services**
> **550 Blair Mill Road**
> **Horsham, PA 19044**
> **ATTN: POA/Tracey Lewis**

Upon receipt of your final settlement payment, all collection activity will cease and the account will be reported as "paid settled" to the credit bureaus. The payments must post to the account by the above-mentioned date or the offer is null and void.

As a result of the IRS regulations applicable to the discharge of indebtedness Fleet is required to file 1099-C information return with the IRS if the balance forgiven is $600 or more. Please consult your tax advisor to determine if this settlement will constitute income to you.

Respectfully,

*Tracey Lewis*
Tracey Lewis
Asset Recovery Specialist – 215-444-7618
Fleet Credit Card Services – Fax 215-956-0268

*ACCEPTED*

2

**EXHIBIT 2**

TED GIDEONSE  9148-J REGENTS ROAD  LA JOLLA CALIFORNIA  92037  858.410.2826  TED@GIDEONSE.COM



Page 4 of 4

Date
9/14/04

Account
_ _ _ _ _ _ _ _ _ _ _

Check 135, Amount $800.00  Date Presented 9/1/2004

Check 138, Amount $800.00  Date Presented 9/13/2004

Check 9991, Amount $433.33  Date Presented 9/1/2004

Bank Account number has been redacted

3

**EXHIBIT 2**

TED GIDEONSE  9148-I REGENTS ROAD  LA JOLLA CALIFORNIA  92037  858.410.2826  TED@GIDEONSE.COM

**CheckView**

Page 4 of 4

Date
10/13/04

Account



Check 138, Amount $780.00  Date Presented 9/24/2004



Check 138, Amount $780.00  Date Presented 9/15/2004



Check 9992, Amount $433.33  Date Presented 10/12/2004

4

**EXHIBIT 2**

TED GIDEONSE  9148-I REGENTS ROAD  LA JOLLA CALIFORNIA  92037  858.410.2826  TED@GIDEONSE.COM



Page 3 of 3

Date
11/10/04

Account

Check 139, Amount $830.00  Date Presented 10/15/2004

Check 140, Amount $800.00  Date Presented 11/3/2004

Check 9993, Amount $433.33  Date Presented 11/3/2004

EXHIBIT 2

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THEODORE K GIDEONSE

AND DOES 1 THROUGH 15, INCLUSIVE
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BANK OF AMERICA, N.A.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web Site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin mas advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar an servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y direccion del la corte es):* | CASE NUMBER: *(Número del Caso)* IC 865498 |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY  OF SAN DIEGO
SAN DIEGO DIVISION
330 W BROADWAY
SAN DIEGO, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la direccion y el numero de telefono del demandante, o del demandante que no tiene abogado, es)*
LAW OFFICES OF PATENAUDE & FELIX A.P.C.
RAYMOND A. PATENAUDE, ESQ. #128855 / VICTOR S. PATENAUDE #216342
DAVID C. SCOTT #225893 / MATTHEW B. GOLDING #177123 / MICHAEL B. BOULANGER #226294
4545 MURPHY CANYON ROAD, 3RD FLOOR,  SAN DIEGO, CA 92123   Telephone  ( 858)  244-7600

| DATE: *(Fecha)* MAY 5 2006 | Clerk, by *(Secretario)* C. SCHAEFFER | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-6-06

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 3**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Civil Business Office, Room 225
330 W. Broadway
San Diego, CA 92101

TO:

DAVID C SCOTT
PATENAUDE & FELIX APC
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA  92123

| BANK OF AMERICA NA | | Case No.:  IC865498 |
|---|---|---|
| | Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| | vs. | Judge:    Department 5 |
| THEODORE K GIDEONSE | | Department: |
| | Defendant(s) | Phone:    619-531-3976 |

**COMPLAINT FILED** 05/05/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL AND LITIGANTS WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES, WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil consists of all cases except:  Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing.  This is a mandatory document and may not be substituted by the filing of any other document. (SDSC Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15-day extension, which must be in writing and filed with the Court.) (SDSC Rule 2.6, CCP 1014)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default forthwith. (SDSC Rule 2.7)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint. (SDSC Rule 2.9)

**DEFAULT JUDGMENT:** A default judgment must be obtained within 45 days after entry of default, unless other defendants named in the complaint have answered. (SDSC Rule 2.8)

**SANCTIONS:** The Court may impose sanctions for failure to comply with the requirements of Division II of the San Diego Superior Court Rules.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION.

### CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at          SAN DIEGO        , California.

DATED: 05/05/06                          BY: CLERK OF THE SUPERIOR COURT

SDSC CIV-721A(Rev. 3-04)          NAS-NOTICE OF CASE ASSIGNMENT (LIM.ACCT.STATED)


**EXHIBIT 3**

1   **PATENAUDE & FELIX, A.P.C.**
    Raymond A. Patenaude, Esq., (#128855)
2   Victor S. Patenaude, Esq., (#216342)
    David C. Scott, Esq., (#225893)
3   Matthew B. Golding, Esq., (#171123)
    Michael R. Boulanger, Esq., (#226294)
4   4545 Murphy Canyon Road. 3rd floor
    San Diego, CA 92123
5   Tele: (858) 244-7600/Fax: (858) 836-0318

6   Attorney For Plaintiff
    BANK OF AMERICA, N.A.
7

8                **SUPERIOR COURT OF CALIFORNIA**

9           **COUNTY OF SAN DIEGO, SAN DIEGO DIVISION**

10

11  BANK OF AMERICA, N.A.,                    )    CASE No.:              *IC* **865498**
                                              )
12          Plaintiff,                        )    **COMPLAINT FOR MONEY**
                                              )    **$1,950.31**
13  vs.                                       )    **1. OPEN BOOK ACCOUNT**
                                              )    **2. REASONABLE VALUE OF GOODS**
14  THEODORE K GIDEONSE ,                     )    **    SOLD AND DELIVERED**
                                              )    **3. ACCOUNT STATED**
15  and DOES 1 through 15 inclusive,          )    **LIMITED CIVIL CASE**
                                              )
16          Defendant(s).                     )
                                              )
17                                            )
                                              )
18  _____)

19          COMES NOW Plaintiff BANK OF AMERICA, N.A. ("Plaintiff") filing this  civil action

20  against Defendant THEODORE K GIDEONSE  ("Defendant") for breach of contract common

21  counts (1) Open Book Account, (2) For Value of Goods Sold and Delivered, and (3) Account

22  Stated.

23                             **INTRODUCTION**

24

25      1.      . This action is a money demand within the jurisdictional limits of this Court and

26  this venue is appropriate for the reasons indicated in the declaration attached hereto.

27                                      1

28  _____

                        COMPLAINT FOR MONEY

**EXHIBIT 3**

2.      Plaintiff BANK OF AMERICA is now and was at all times mentioned a corporation authorized to do business and is engaged in doing business in the State of California, and is the owner of the debt which is the subject of this action.

3.      Does 1 through 15 are fictitious names of Defendant sued herein pursuant to California Code of Civil Procedure section 474. Plaintiff will ask leave to amend this complaint when the true names of said Defendant can be ascertained.

## FIRST CAUSE OF ACTION

### (Open Book Account)

4.      Plaintiff re-alleges the allegations of Paragraphs 1-3 above.

5.      The debt sued on is based on a Open Book account for charges and/or cash advances furnished to Defendant at Defendant's special instance and request. Under that contract, it was agreed to extend to Defendant the use of credit facilities, and issued Defendant credit on account number 5491000137821992    for Defendant use under the terms of the contract. The credit account issued to Defendant is owned by Plaintiff.

6.      Defendant thereby became indebted to Plaintiff in the principal amount set forth in the prayer of this Complaint for a balance due on an open account or an agreement in writing.

7.      Plaintiff's BANK OF AMERICA  has performed all of the conditions of the contract to be performed under its terms.

8.      Although demand has been made on Defendant, no part of said sum has been paid by Defendant and there is now due, owing and unpaid, the principal sum set forth in this complaint.

9.      Pursuant to the terms of the agreement herein, Plaintiff is entitled to attorney's fees.

2

---

COMPLAINT FOR MONEY

**EXHIBIT 3**

## SECOND CAUSE OF ACTION

### (Reasonable Value of Goods Sold and Delivered)

10.     Plaintiff re-alleges the allegations of Paragraphs 1-9 above.

11.     Defendant is indebted to Plaintiff in the sum of $1,950.31 on an account in writing arising out of the use of a revolving credit account no. 5491000137821992     for goods, wares, merchandise, cash advances, and/or services rendered to Defendant at the request of Defendant.

12.     At all times pertinent, said consideration was and is of the reasonable value of the principal sum prayed for herein.

### THIRD CAUSE OF ACTION

### (Account Stated)

13.     Plaintiff re-alleges the allegations of Paragraph 1-12 above.

14.     Defendant is indebted to Plaintiff in the amount of $1,950.31, being the balance due on the revolving credit account. Plaintiff further alleges that frequent demands have been made by Plaintiff for payment of this sum and Defendant has failed and refuses to make payments. Plaintiff further alleges that there is an account stated by operation of law where Plaintiff billed Defendant for the credit account balance and received no objection to it.

/ / / /

/ / / /

/ / / /

3

COMPLAINT FOR MONEY

**EXHIBIT 3**

1    **WHEREFORE**, Plaintiff prays for judgment against said Defendant(s), and each of

2  them, on all causes of action as follows:

3      1.   For the principal sum of $1,950.31;

4      2.   For attorneys fees according to proof;

5      3.   For prejudgment interest according to proof;

6

7      4.   For costs of suit and such other and further relief as the Court deems just and proper.

8                                              Respectfully submitted,

9  DATED:  April 13, 2006               **PATENAUDE & FELIX, A.P.C.**

10

11                          By:   _/S/_____

12                                 DAVID C SCOTT  225893
                                   Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         4

28  _____

                      COMPLAINT FOR MONEY

**EXHIBIT 3**

## DECLARATION

I, DAVID C SCOTT, declare as follows:

I am the attorney for the Plaintiff herein. The judicial district in which this action is filed is proper because:

(xx)    At least one Defendant resides in this judicial district.

(  )    The obligation sued was incurred in this judicial district.

This action is not subject to CC section 2984.4 or CCP section 395(b)

This action is subject to CC section 1812.10.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the date this complaint was signed, in San Diego, California.

Respectfully submitted,

By:    /S/
_____
DAVID C SCOTT
Attorney for Plaintiff

5

DECLARATION

**EXHIBIT 3**

**Bank of America**

## Fax Cover Sheet

To: T. K. Gideonse

Company:

Telephone number:

Fax Number: 413-403-0745

Date: July 5, 2006

From: Zipora Tate

Department: Recovery Internal Operations

Telephone Number: 1-800-475-2025, option 7

Fax number: 336-805-3525

Number of pages including this cover sheet: 2

If transmission problems occur, please call: 1-800-475-2025, option 7

Message: This letter is being faxed to you by request

The information contained in this FAX message is intended only for the confidential use of the designated recipient named above. This message may contain contractual and proprietary information and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the message to us by mail.

**EXHIBIT 4**

**Bank of America**

For Bank of America

July 5, 2006

Theodore K. Gideonse
9148 Regents Rd. Apt J
La Jolla, CA 920379157

Bank Of America Account # 5491000137821992

Dear Customer,

The above referenced obligation with Bank Of America was settled in full and closed on 10-29-2004.

Sincerely,

Zipora Tate
Recovery Internal Operations
1-800-475-2025, option 7

**\*\* TOTAL PAGE.02 \*\***

Fax: 336.805.1752 • Fax: 336.805.1753

Bank of America
P.O. Box 21846, Greensboro, N.C. 27420-1846

**EXHIBIT** 4

2044.566

| ATTORNEY OR PARTY WITHOUT ATTORNEY: *(Name and Address)*: | | TELEPHONE NO.: (858) 244-7600 | FOR COURT USE ONLY |
|---|---|---|---|

LAW OFFICES OF PATENAUDE & FELIX A.P.C.
RAYMOND A. PATENAUDE, #128855
VICTOR S. PATENAUDE, #216342/DAVID C. SCOTT, #225893
MATTHEW B. GOLDING, #171123
4545 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CA 92123
ATTORNEY FOR *(Name)*:  PLAINTIFF

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA, SAN DIEGO
SAN DIEGO DIVISION

*(TYPE OR PRINT NAME OF)* PLAINTIFF/PETITIONER: BANK OF AMERICA, N.A.

DEFENDANT/RESPONDENT: THEODORE K GIDEONSE

## REQUEST FOR DISMISSAL

CASE NUMBER: IC865498

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle   [ ] Other
- [ ] Family Law
- [ ] Eminent Domain
- [X] Other *(specify)* DEBT COLLECTION

— A conformed copy will not be returned by the clerk unless a methos of return is provided with the document —

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice   (2) [ ] Without prejudice
   b. (1) [ ] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name)*:   on *(date)*:
      (4) [ ] Cross-complaint filed by *(name)*:   on *(date)*:
      (5) [X] Entire action of all parties and all causes of action
      (6) [ ] Other *(specify)*: *

Date: 07/14/06

DAVID C SCOTT
*(TYPE OR PRINT NAME OF* [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)*

\* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

LAW OFFICES OF PATENAUDE & FELIX A.P.C.

▶ /S/
                                    (SIGNATURE)
Attorney or party without attorney for:  PLAINTIFF
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-complaint

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

▶
*(TYPE OR PRINT NAME OF* [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)*

                                    (SIGNATURE)
Attorney or party without attorney for
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-complaint

\*\* If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complaint (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

*(To be completed by clerk)*

3. [ ] Dismissal entered as requested on *(date)*:
4. [ ] Dismissal entered on *(date)*:   as to only *(name)*:
5. [ ] Dismissal not entered as requested for the following reasins *(specify)*:

6. [ ] a. Attorney or party without attorney notified on *(date)*:
      b. Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to conform   [ ] means to return conformed copy

Date:   Clerk, by_____ , Deputy

**EXHIBIT 5**

Form Adopted by the
Judicial Council of California
982(e)(5) (Rev. January 1, 1997).

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

*Theodore K. Gideonse*

**DEFENDANTS**

*Patenaude & Felix, A Professional Corporation and Does 1-10, inclusive*

F I L E D
07 MAY -3  AM 10: 38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** *San Diego*
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** *San Diego*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

*Bdan O. Letona, Esq.
1347 Pacific Ave., Ste. 203
Santa Cruz, CA 95060; T: 831-421-0200*

**ATTORNEYS (IF KNOWN)**

'07 CV 0804 BTM (AJB)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)             FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

*15 U.S.C. 1692 et. seq. Violations of Fair Debt Collection Practices Act.*

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☑ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☑ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $**   Check YES only if demanded in complaint:   JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   *05/02/07*   SIGNATURE OF ATTORNEY OF RECORD   _____

*PAID $350 — 5/3/07 BY RCPT# 137804*

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**#  137804    — BH
*  * C O P Y * *
May 03. 2007
15:34:28**

**Civ Fil Non-Pris**
USAO #.: 07-CV-0804 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                  $350.00 CK
Check#.: BC# 8141

**Total—>   $350.00**

FROM: GIDEONSE V. PATENAUDA & FELIX
        CIVIL FILING